ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 19 2010

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its Capacity as Receiver of INTEGRITY BANK of Alpharetta, Georgia | CIVIL ACTION FILE NUMBER: |
| Plaintiff | 1:10-CV-3382 |
| vs. | |
| JAMPOL, SCHLEICHER, JACOBS & PAPADAKIS, L.L.P. and MICHAEL E. JACOBS, ESQ. | |
| Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT FOR LEGAL MALPRACTICE

COMES NOW the FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC"), in its capacity as Receiver of Integrity Bank of Alpharetta Georgia, and files this Complaint for Legal Malpractice against Defendants Jampol, Schleicher, Jacobs & Papadakis, L.L.P. and Michael E. Jacobs, Esq. (hereinafter referred to as "Defendant Law Firm" and "Defendant Jacobs", respectively, or collectively as "Defendants") and shows this Honorable Court the following:

1

1.

The Affidavit of Michael S. Reeves, Esq., is attached hereto and incorporated herein as Exhibit "A", if required by and in accordance with O.C.G.A. §9-11-9.1(a).

**Plaintiff**

2.

The FDIC is a corporation organized and existing under the laws of the United States of America. 12 U.S.C. §1811, et seq. The FDIC is an instrumentality of the United States of America and is charged with, among other duties, the orderly liquidation of failed banks. 12 U.S.C. §1821(d). Integrity Bank of Alpharetta, Georgia ("Integrity") was a state-chartered nonmember bank under the laws of the state of Georgia, and its deposits were FDIC-insured. On or about August 29, 2008, the Commissioner of Banking for the State of Georgia determined that Integrity was operating in an unsafe and unsound manner, and secured a court order that Integrity be closed. The same court appointed FDIC as Receiver of Integrity, and the FDIC accepted the appointment as Receiver. By operation of law, the FDIC acquired all of the property, assets, rights, and claims of Integrity, including the claims asserted herein, and is the proper party Plaintiff to bring this action.

## Defendants

3.

Defendant Law Firm is a Georgia limited liability partnership of attorneys whose partners and associates are duly authorized to practice law in the State of Georgia and at all times relevant hereto were so authorized.

4.

Defendant Law Firm has its principal place of business in the State of Georgia.

5.

Defendant Jacobs is an attorney licensed to practice law in the State of Georgia and at all relevant times hereto was so licensed.

6.

Defendant Jacobs is domiciled in and is a citizen of the State of Georgia.

## Jurisdiction and Venue

7.

This Court has subject matter jurisdiction over this matter, as actions in which the FDIC is a party are deemed to arise under federal law pursuant to 12 U.S.C. §1811, et seq.; 12 U.S.C. §1819(b)(1) and (2), and 28 U.S.C.

§1331 and 1345. The FDIC has the power to sue and complain in any court of law 12 U.S.C. §1819.

8.

Venue is proper in this District as it is the principal place of business of Defendant Law Firm and the residence of Defendant Jacobs.

**Operative Facts**

9.

On December 2, 2005, Integrity granted a loan of $2.8 million to ONO Investments, LLC ("ONO") to buy land and build thereon a self-storage facility in Elijay, Georgia.

10.

The ONO loan was secured by a construction deed on the Elijay property.

11.

As additional security, Integrity required a security deed on six adjoining lots, with improvements, in Savannah, Georgia ("the Savannah security deed"), owned by T&L Investment Properties, LLC ("T&L").

12.

The two principals of T&L, Larry Oltjenbruns and Terri Oltjenbruns O'Neill, are also the principals of ONO.

13.

Integrity retained the services of Defendant Law Firm and particularly Defendant Jacobs to prepare the ONO loan documents and to close the loan.

14.

The Savannah security deed prepared by Defendant Law Firm and particularly Defendant Jacobs contained an incorrect legal description. Specifically, the Savannah security deed was intended to include lots 55, 56, 57, 58, 59 and 60.  However the Savannah security deed failed to include lot 56.

15.

Further, the Savannah security deed prepared by Defendant Law Firm and particularly Defendant Jacobs contained an incorrect signature block. The signature block on the Savannah security deed was set for and signed by ONO instead of T&L.  However, ONO was not the owner of the property; rather T&L was the owner of the property.

16.

Defendant Law Firm and particularly Defendant Jacobs failed to exercise ordinary care, skill and diligence in preparation of the Savannah security deed.

17.

The errors caused the Savannah security deed to be invalid. As a result, Integrity subsequently was unable to foreclose on the Savannah security deed.

18.

At the time of the attempted foreclosure, the six Savannah lots intended to be covered by the Savannah security deed were appraised at $1.1 million.

19.

After exhausting all other collection efforts, there remained an outstanding principal balance on the Ono loan in excess of $2 million.

20.

Therefore, due to the errors in the Savannah security deed, Integrity was damaged in the amount of $1.1 million, plus legal fees and other expenses incurred as a result of the errors in an amount to be proven at trial.

## COUNT I

## LEGAL MALPRACTICE

21.

The FDIC reasserts and realleges paragraphs 1 through 20 as if fully set forth herein verbatim.

22.

As a result of the Defendant Law Firm and particularly Defendant Jacob's representation of Integrity in conjunction with the closing of the ONO loan, specifically the Defendants' failure to use ordinary care, skill and judgment in preparation of the Savannah security deed, Integrity was damaged due to its inability to foreclose on the property intended to be secured by the Savannah security deed.

23.

The acts and omissions by Defendant Law Firm and particularly Defendant Jacobs in preparation of the Savannah security deed, are clear and palpable legal malpractice under Georgia law.

24.

Due to said acts and omissions and failure to exercise ordinary care, skill and judgment, Integrity was damaged by Defendant Law Firm and particularly Defendant Jacobs, in an amount of damages and necessary expenses in excess of $1.1 million.

25.

Defendant Law Firm's acts, conduct and omissions complained of hereinabove were done with an entire want of care so at to raise the

presumption of Defendant Law Firm's conscious indifference to the consequences of its acts, conduct and omissions and Defendant Law Firm has been stubbornly litigious and has caused the FDIC unnecessary trouble and expense and thus, in accord with O.C.G.A. §13-6-11, the FDIC is entitled to reasonable attorney's fees and expenses of litigation in bringing this action plus punitive damages in an amount to be determined by the enlightened conscious of impartial jurors.

## JURY DEMAND

26.

The FDIC reasserts and realleges paragraphs 1 through 25 as if fully set forth herein verbatim.

27.

The facts and circumstances set forth in this Complaint give rise to claims for which a jury trial is proper. Consequently, FDIC hereby demands a trial by jury in this matter.

WHEREFORE, after due proceedings herein, Plaintiff, FDIC, in its capacity as Receiver of Integrity Bank of Alpharetta, Georgia, prays for judgment in its favor:

(a) On Count One of its Complaint, against Defendant Law Firm and Defendant Jacobs, in an amount in excess of $1.1 million;

(b) For trial by jury on all issues triable by jury;

(c) For prejudgment interest and costs, including reasonable attorney's fees incurred in pursuing this action; and

(d) For costs, fees, disbursements, and necessary expenses in the underlying transaction;

(e) For costs, fees, disbursements, and necessary expenses of litigation in bringing this action;

(f) For all such other and further relief to which the FDIC is justly and lawfully entitled.

## CERTIFICATION OF TYPE STYLE

In accordance with United States District Court, Northern District of Georgia, Local Rules 7.1 (D) and 5.1 (C), counsel for the Plaintiff hereby certifies that this document has been prepared on a computer utilizing the Times New Roman 14 point font.

This 15th day of October, 2010.

_____
Kyle M. Keegan

Respectfully Submitted By:

*[signature]* /CDB w/ express permission

Kyle M. Keegan
Louisiana Bar Roll No. 19942
Susannah M. DeNicola
Louisiana Bar Roll No. 21558
**Keegan, DeNicola, Kiesel, Bagwell, Juban & Lowe, LLC**
5555 Hilton Ave., Suite 205
Baton Rouge, LA 70808
Phone: 225-364-3600
Fax: 225-364-3608
kmk@keegandenicola.com
smd@keegandenicola.com

*[signature]*

Christopher D. Balch
Georgia State Bar No. 034015
Jeanne Simkins Hollis
Georgia State Bar No. 646890
**SIMKINS HOLLIS LAW GROUP, P.C.**
1924 Lenox Road, NE
Atlanta, Georgia 30306
Phone: 404 474-2328
Fax: 770 587-0726
jshollis@shlglaw.com
cbalch@shlglaw.com

*Attorneys for Plaintiff*